IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARA MANDUJANO MADERA,

      Plaintiff,

v.   No. 2:24-cv-01117-KRS

SARAH HOLGUIN,

      Defendant.

## ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* AND ORDER TO SHOW CAUSE

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Complaint, Doc. 1, filed October 30, 2024, and Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 30, 2024.

**Application to Proceed *in forma pauperis***

The statute for proceedings *in forma pauperis*, 28 U.S.C. § 1915(a), provides that the Court may authorize the commencement of any suit without prepayment of fees by a person who submits an affidavit that includes a statement of all assets the person possesses and that the person is unable to pay such fees.

> When a district court receives an application for leave to proceed in forma pauperis, it should examine the papers and determine if the requirements of [28 U.S.C.] § 1915(a) are satisfied. If they are, leave should be granted. Thereafter, if the court finds that the allegations of poverty are untrue or that the action is frivolous or malicious, it may dismiss the case[.]

*Menefee v. Werholtz*, 368 Fed.Appx. 879, 884 (10th Cir. 2010) (citing *Ragan v. Cox*, 305 F.2d 58, 60 (10th Cir. 1962). "The statute [allowing a litigant to proceed in forma pauperis] was intended for the benefit of those too poor to pay or give security for costs...." *Adkins v. E.I. DuPont de Nemours & Co.,* 335 U.S. 331, 344 (1948). While a litigant need not be "absolutely destitute,"

"an affidavit is sufficient which states that one cannot because of his poverty pay or give security for the costs and still be able to provide himself and dependents with the necessities of life." *Id.* at 339.

The Court grants Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and provided the following information: (i) Plaintiff and her spouse's combined average monthly income during the past 12 months is $800.00; (ii) Plaintiff and her spouse have $0.00 in cash and $5,400.00 in bank accounts; and (iii) Plaintiff and her spouse's combined monthly expenses total $1,850.00. The Court finds that Plaintiff is unable to pay the costs of this proceeding because Plaintiff signed an affidavit stating she is unable to pay the costs of these proceedings and because her and her spouse's combined monthly expenses exceed their low combined monthly income.

**Order to Show Cause**

Defendant, a municipal court judge, issued a bench warrant and suspended Plaintiff's driver's license for Plaintiff's failure to appear regarding a municipal citation for "weeds and rubbish." *See* Complaint at 1, 14. Plaintiff asserts claims for violations of her civil rights and pursuant to state law. Plaintiff seeks monetary damages and reinstatement of her driver's license. *See* Complaint at 1.

The Complaint fails to state a claim for forced labor pursuant to 18 U.S.C. § 1589 which Plaintiff cites with her allegation that "Defendant is forcing me to move from my place of residence to court without compensation and without a legitimate obligation to do so." Complaint 2. The Complaint also fails to state claims for deprivation of rights pursuant to 18 U.S.C. § 242 and perjury pursuant to 18 U.S.C. § 1621. *See* Complaint at 3, 6. Sections 1589, 242 and 1621 are

criminal statutes. "[C]riminal statutes do not provide for private civil causes of action." *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

The Complaint fails to state a claim for "practicing law from the bench." Complaint at 2. Plaintiff alleges "a bench warrant is a bogus arrest scheme based on void (false) charges since there is no affidavit signed by any real person supporting alleged real injuries or damages" and quotes 28 U.S.C. § 454 which states: "Any justice or judge appointed under the authority of the United States who engages in the practice of law is guilty of a high misdemeanor." Section 454 is not applicable because Defendant is a municipal court judge, not a judge appointed under the authority of the United States.

The Complaint fails to state a claim for breach of contract pursuant to 41 U.S.C. § 6503. Plaintiff alleges that Defendant breached a contract by violating her oath of office to honor and uphold the Constitution and Bill of Rights. *See* Complaint at 6. Section 6503 applies to breaches of terms in contracts made by an agency of the United States for materials, supplies, articles, and equipment exceeding $10,000. *See* 41 U.S.C. § 6502. Defendant's oath of office is not a contract with an agency of the United States for materials, supplies, articles, and equipment exceeding $10,000.

The Complaint fails to state a claim against Defendant for monetary damages. Defendant is a municipal court judge. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)); *Stump v. Sparkman*, 435 U.S. 349, 356–57 (1978)

(articulating broad immunity rule that a "judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority"). Plaintiff's allegation that she asked Defendant to prove the municipal court has jurisdiction and Defendant failed to respond is not sufficient to show that Defendant's actions were taken in the complete absence of all jurisdiction. *See* Complaint at 5. Plaintiff must allege facts showing that Defendant's actions were taken in the complete absence of all jurisdiction.

The Complaint fails to state a claim for an order directing Defendant to reinstate Plaintiff's driver's license. *See Catanach v. Thomson*, 718 Fed.Appx. 595, 599 (10th Cir. 2017) ("Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.'") (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)).

The Complaint fails to state a claim for violating Plaintiff's right to travel. Plaintiff states "suspension of driver's license . . . is a violation to my rights of mobility and has already caused some damages to my liberty of transport and economy." Complaint at 3. "[T]he Supreme Court has held that the '[f]reedom to travel throughout the United States has long been recognized as a basic right under the Constitution.'" *Abdi v. Wray*, 942 F.3d 1019, 1029 (10th Cir. 2019) (quoting *Dunn v. Blumstein*, 405 U.S. 330, 338 (1972)). Suspension of Plaintiff's driver's license restricts Plaintiff from driving a vehicle but does not deprive her of freedom to travel throughout the United States.

The Complaint fails to state a claim for municipal liability. Plaintiff states "a municipal entity has responsibility when responding to laws pertaining to the Constitution or Federal law" and refers to case law regarding municipal liability. Complaint at 5. The Complaint does not name

4

the City of Anthony as a defendant and does not contain allegations showing that the municipality is liable for any alleged deprivations of rights by Defendant.

The Court orders Plaintiff to show cause why the Court should not dismiss Plaintiff's claims for the reasons stated above. If Plaintiff asserts the Court should not dismiss those claims, Plaintiff must file an amended complaint. The amended complaint must comply with the Federal and Local Rules of Civil Procedure.

**Service on Defendants**

Section 1915 provides that the "officers of the court shall issue and serve all process, and perform all duties in [proceedings *in forma pauperis*]"). 28 U.S.C. § 1915(d). The Court will not order service at this time because the Court is ordering Plaintiff to file an amended complaint. The Court will order service if: (i) Plaintiff files an amended complaint that states a claim over which the Court has subject-matter jurisdiction; and (ii) files a motion for service which includes the address of each Defendant.

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

**Compliance with Rule 11**

The Court reminds Plaintiff of her obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status

5

does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

   **IT IS ORDERED** that:

   (i)   Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, Doc. 2, filed October 30, 2024, is **GRANTED.**

   (ii)  Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court should not dismiss Plaintiff's claims; and (b) file an amended complaint. Failure to timely show cause and to file an amended complaint may result in dismissal of this case.

This 7th day of November, 2024.

                                                    _____
                                                    KEVIN R. SWEAZEA
                                                    UNITED STATES MAGISTRATE JUDGE