IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

SARA MANDUJANO MADERA,

    Plaintiff,

v.                                                                            No. 2:24-cv-01117-KWR-KRS

SARAH HOLGUIN,

    Defendant.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

Defendant, a municipal court judge, issued a bench warrant and suspended *pro se* Plaintiff's driver's license for Plaintiff's failure to appear regarding a municipal citation for "weeds and rubbish."  *See* Complaint at 1, 14, Doc. 1, filed October 30, 2024.  Plaintiff asserts claims for violations of her civil rights and pursuant to state law.  Plaintiff seeks monetary damages and reinstatement of her driver's license.  *See* Complaint at 1.

United States Magistrate Judge Kevin R. Sweazea notified Plaintiff that the Complaint fails to state a claim:

(i)     for forced labor pursuant to 18 U.S.C. § 1589, Forced labor, 18 U.S.C. § 242, Deprivation of rights under color of law and 18 U.S.C. § 1621, Perjury generally, because Sections 1589, 242 and 1621 are criminal statutes and "criminal statutes do not provide for private civil causes of action."  *Kelly v. Rockefeller*, 69 Fed.Appx. 414, 415-416 (10th Cir. 2003); *see Diamond v. Charles*, 476 U.S. 54, 64 (1986) ("a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another").

(ii) for "practicing law from the bench" pursuant to 28 U.S.C. § 454 which states "Any justice or judge appointed under the authority of the United States who engages in the practice of law is guilty of a high misdemeanor." Section 454 is not applicable because Defendant is a municipal court judge, not a judge appointed under the authority of the United States.

(iii) for breach of contract pursuant to 41 U.S.C. § 6503 by allegedly violating her oath of office because Section 6503 applies to breaches of terms in contracts made by an agency of the United States for materials, supplies, articles, and equipment exceeding $10,000. Defendant's oath of office is not a contract with an agency of the United States for materials, supplies, articles, and equipment exceeding $10,000.

(iv) against Defendant for monetary damages because Defendant is a municipal court judge and "state court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 Fed.Appx. 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)).

(v) for an order directing Defendant to reinstate Plaintiff's driver's license. "Section 1983 expressly disallows injunctive relief against a judicial officer 'for an act or omission taken in such officer's judicial capacity ... unless a declaratory decree was violated or declaratory relief was unavailable.'" *Catanach v. Thomson*, 718 Fed.Appx. 595, 599 (10th Cir. 2017) (citing *Knox v. Bland*, 632 F.3d 1290, 1292 (10th Cir. 2011)).

(vi)      for violating Plaintiff's right to travel because suspension of Plaintiff's driver's license restricts Plaintiff from driving a vehicle but does not deprive her of freedom to travel throughout the United States.

(vii)      for municipal liability because the Complaint does not name the City of Anthony as a defendant and does not contain allegations showing that the municipality is liable for any alleged deprivations of rights by Defendant.

Order to Show Cause at 2-5, Doc. 5, filed November 7, 2024.  Judge Sweazea ordered Plaintiff to show cause why the Court should not dismiss Plaintiff's claims and to file an amended complaint, and notified Plaintiff that failure to timely show cause and to file an amended complaint may result in dismissal of this case.  *See* Order to Show Cause at 6.  Plaintiff did not show cause or file an amended complaint by the November 28, 2024, deadline.

The Court dismisses this case because: (i) the Complaint fails to state claims upon which relief can be granted; (ii) Plaintiff did not show cause why the Court should not dismiss this case; and (iii) Plaintiff did not file an amended complaint.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

                                             /S/ KEA W. RIGGS
                                             **UNITED STATES DISTRICT JUDGE**